UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RODNEY GEORGE                                          CIVIL ACTION

VERSUS                                                 NO.  06-9032

DIRECTV, INC.                                          SECTION  "N"  (3)

### ORDER AND REASONS

Presently before the Court is Plaintiff's Motion to Take Judicial Notice that Rodney George's Claim is in Excess of $75,000.00 or Alternatively to Remand Back to State Court (Rec. Doc. No. 4).  For the reasons stated herein, **IT ORDERED** that the motion is **GRANTED** insofar as it seeks remand to state court.

### Background

Plaintiff, Rodney George, filed suit against Defendant, DirecTV, Inc., in Louisiana state court in August 2006.  He asserts claims of malicious prosecution and defamation premised upon allegations of satellite signal piracy that Defendant made against Plaintiff in a suit previously filed in this Court.  *See DirecTV, Inc. v. Landry, et al.*, Civil Action No. 03-1454 (E.D. La.). Defendant's claims against Plaintiff in the earlier federal court action were dismissed when this Court granted summary judgment in his favor.

In paragraphs 14 and 15 of the petition filed in the instant action, Plaintiff asserts:

14.

As a result of defendant's wrongful and tortuous conduct, the plaintiff, Rodney George, has suffered extreme pain, suffering, embarrassment, humiliation, and emotional distress by receiving threatening mail from a giant corporate bully such as Directv; being served with a lawsuit from a corporate bully such as Directv; spending money to hire an attorney to protect himself from false accusations; participating in discovery; undergoing a deposition; and pursuing summary judgment.

15.

The amount in controversy exceeds fifty thousand dollars and plaintiff reserves his right to trial by jury.

Asserting federal diversity of citizenship jurisdiction under 28 U.S.C. §1332, Defendant removed this action from state court on September 28, 2006.  Regarding the amount in controversy, Defendant stated, in its Notice for Removal: "Based on Plaintiff's claims in the Petition and his request for a jury trial pursuant to La. C.C.P. Art. 1732(1), indicating that Plaintiff values his claim to be in excess of $50,000, DirecTV believes the amount in controversy is in excess of $75,000.00."  *See* Notice of Removal ¶8 (Rec. Doc. No. 1-5).

Disputing the propriety of Defendant's removal, Plaintiff, in his motion to remand, asserts that "the defendant's statement as to the amount in controversy is the sole basis for jurisdiction in federal court," and that "plaintiff does not believe that any jury would award more than $75,000.00"  *See* Motion to Remand ¶¶ III and IV.  In response, Defendant argues Plaintiff's allegation that the amount in controversy exceeds $50,000, as well as an alleged request for "costs, attorneys' fees and any other relief that this Court deems appropriate" in the petition, render it "facially apparent from the Petition that the amount in controversy exceeds the jurisdictional

threshold [of $75,000]." *See* Defendant's Opp. Memo. at 2-3 (Rec. Doc. No. 6).

## Law and Analysis

"Except as otherwise expressly provided by Act of Congress," any civil action brought in state court over which United States district courts have original jurisdiction may be removed to the appropriate federal district court. *See* 28 U.S.C. § 1441(a). A federal district court will be found to have original jurisdiction under §1332(a) where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Removal based on diversity jurisdiction under § 1332 is proper, however, only if none of the defendants properly joined and served is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

Here, all of the parties agree, and from the facts it is evident, that complete diversity exists and that the defendant is not a citizen of Louisiana. Thus, the sole issue to be decided for purposes of Plaintiff's motion to remand is whether the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal.

The burden of establishing that federal jurisdiction exists rests with the removing party. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In cases where the plaintiff's petition does not specify an amount in controversy, such as this one, the Fifth Circuit has established a framework for evaluating the jurisdictional amount for purposes of diversity jurisdiction. Specifically, the removing defendant can meet its burden of proving by a preponderance of the evidence that the amount in controversy has been met by showing (1) that it is "facially apparent" from the petition that the amount in controversy likely exceeds the jurisdictional amount, or by (2) "setting forth the *facts* in controversy . . . that support a finding of

the requisite amount." *Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir.1999) (quoting *Allen*, 63 F.3d at 1335). Once the removing party has met this burden, the plaintiff must then show with legal certainty that his recovery will not meet the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).

Applying these principles to the instant matter, the Court finds that Defendant has not borne its initial burden of demonstrating that the jurisdictional amount of more than $75,000 is satisfied. Defendant essentially offers only its conclusory assertion that, if Plaintiff's requests for damages, a jury trial, and attorney's fees and costs are considered, it is facially apparent from the petition that the amount in controversy exceeds $75,000. Such an assertion may be sufficient in certain cases, but it is not on the facts presented here.

Although Plaintiff contends in his petition that he suffered "extreme pain, suffering, embarrassment, humiliation, and emotional distress," he does not also indicate, for instance, whether his emotional suffering has interfered with his daily activities, any personal relationships, or his ability to work. Nor does he indicate how long his emotional suffering has endured, or whether it has been necessary for him to obtain professional treatment.

Plaintiff also alleges that he was required to participate in discovery and other litigation activities in the suit that Defendant brought against him, but he does not elaborate regarding the amount of time actually required, whether these activities were particularly burdensome, or whether he lost income because of these obligations. He further states that it was necessary for him to hire an attorney to represent him in that same legal proceeding, but he does not indicate the amount of attorney fees and other legal costs and expenses incurred. Indeed, although Defendant contends Plaintiff seeks to recover "costs, attorneys' fees and any other relief that this

Court deems appropriate," the Court does not find such a request in the petition as it appears in the record of this matter.[1]  Finally, although Defendant construes Plaintiff's petition as seeking more than $50,000 in damages plus attorney's fees and costs, it is not facially apparent to the Court that the total sum Plaintiff seeks – including all attorney's fees and other legal costs and expenses – is in the neighborhood of slightly more than $75,000, rather than slightly more than $50,000.

        Although consideration of prior damage awards for similar claims can assist a removing defendant in meeting its jurisdictional burden, Defendant cites no comparable awards here.  The only case cited by Defendant, *Bethea v. St. Paul Guardian Ins. Co.,* Civil Action No. 02-144, 2002 WL 1941449 (E. D. La. Aug. 21, 2002), is factually inapposite.  *Bethea* did not involve a claim of malicious prosecution or defamation.  Rather, it involved breach of contract claims by several Louisiana physicians, individually and on behalf of all other members of a putative class, asserted against a medical malpractice insurer when it canceled the free " tail coverage" that it previously had provided.  *Id.* at  *1.   Further, in *Bethea*, the damages alleged included, as a starting point, the $49,000 "economic value" of the "tail coverage," which was the amount that the insurer indicated it would thereafter charge for that coverage to be provided by endorsement, as well as "such consequential damages, as may result from interrupted coverage, increased premiums, loss of accrued benefits, forced retirement, or related damage," emotional distress damages, punitive damages, statutory penalties, and attorney's fees and costs.  *Id.* at *1-2.  Thus, the Court is not

---

[1]     It appears that the petition filed in the record of this proceeding may be missing one or more pages.  For instance, there is no paragraph 11 and the ending text of paragraph 10 does not match with the text beginning on the next page that precedes paragraph 12.  Further, the petition does not contain a paragraph outlining the damages that Plaintiff seeks to be awarded.  To the Court's knowledge, however, neither party has indicated that the petition in the record is incomplete or sought to cure any filing deficiencies.

convinced of the persuasive value of the *Bethea* case to the one presently before it.

Finally, the Court acknowledges that Plaintiff's alleged damages actually *may* total more than $75,000. This has not been shown to be likely from the face of the petition, however, and the Court declines to speculate in favor of removal. The Court also realizes that removing defendants face a difficult task when the allegations of a state court petition are, as here, rather vague regarding the amount of damages at issue. Significantly, however, Defendant has never sought to introduce discovery responses that further clarify the amount in dispute, or informed the Court that any requests for such discovery have been denied.

## Conclusion

On the showing made, the Court finds that Defendant has not borne its burden of demonstrating that diversity of citizenship jurisdiction exists in this matter. Accordingly, **IT IS ORDERED** that this action is remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

New Orleans, Louisiana, this 22nd day of May 2007.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**